IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**VICKI L. CHANEY GOODEN** **PLAINTIFF**

**VS** **CIVIL NO. 3:12cv798-CWR-FKB**

**JACKSON PUBLIC SCHOOLS**
**BOARD OF TRUSTEES** **DEFENDANTS**

---

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

---

Defendant, Jackson Public Schools Board of Trustees, by and through their counsel of record, files this Memorandum of Law in Support of their Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12 (b)(6) or Alternatively, for Summary Judgment and, in support thereof, states as follows:

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff is a former employee of Jackson Public Schools (JPS), employed as a non-contractual academic tutor during the 2010-2011 school year at Brown Elementary School. On April 4, 2011, the Plaintiff was recommended for non-renewal of employment with JPS for the following 2011-2012 school year. On June 2, 2011, Plaintiff's employment with JPS was terminated. On October 3, 2011, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging retaliation in violation of Title VII of the Civil Rights Act of 1964. Specifically, the Plaintiff alleged that she was terminated for filing a JPS grievance against her former principal, Serenity Luckett. On January 13, 2012, the EECO dismissed Plaintiff's Charge stating that after investigating Plaintiff's Charge, it was unable to

find a violation of statutes. However, Plaintiff was informed of her right to sue. Subsequently, on April 3, 2012, the plaintiff filed a lawsuit alleging wrongful termination and defamation of character. On June 15, 2012, Plaintiff filed another Charge of Discrimination with the EEOC, also alleging retaliation in violation of Title VII of the Civil Rights Act of 1964. Specifically, the Plaintiff alleged that JPS subjected Plaintiff to retaliation for filing a previous Charge with the EEOC by failing to hire or rehire Plaintiff as a high school guidance counselor. On November 26, 2012, the EEOC dismissed Plaintiff's Charge but informed Plaintiff of her right to sue. Successively, on November 27, 2012, Plaintiff filed the subject lawsuit alleging retaliation. In the instant lawsuit, Plaintiff also alleges that JPS retaliated against Plaintiff for filing a JPS grievance and for filing a complaint with the EEOC by failing to hire or rehire Plaintiff as a high school guidance counselor.

## II. LAW AND ARGUMENT

### A. Rule 12(b)(6) Standard

In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court accepts a plaintiff's factual allegations as true. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999). The district court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hoffman v. Kramer, 362 F.3d 308, 319 (5th Cir. 2004; Collins v. Morgan Stanley Dean Whitter, 294 F.3d 496, 498 (5th Cir. 2000) (citing Conley v. Gibson, *355* U.S. 41, 4546 (1957)). "However, [the Court] will not strain to find inferences favorable to the plaintiffs, nor does it accept conclusory allegations, unwarranted deductions or legal conclusions." Southland Sec. Corp. v. Inspire Ins. Solutions, Inc., 365 F.3d 353, 361 (5th Cir. 2004). "[C]onclusory allegations or legal conclusions

masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Blackburn v. City of Marshall, *42* F.3d 925, 931 (5th Cir. 1995).

**B. JPS Did Not Subject Plaintiff to Retaliation as Plaintiff Suffered No Adverse Employment Action**

In her Complaint, the Plaintiff alleges that JPS retaliated against Plaintiff for filing a JPS grievance and for filing a complaint with the EEOC by failing to hire or rehire Plaintiff as a high school guidance counselor. Specifically, the Plaintiff alleges that JPS contacted her via email about a counselor's position at a JPS high school. Plaintiff states that she responded via email expressing an interest in the position. Plaintiff claims that the Defendant hired someone else months later and the position was not advertised on the JPS website nor was the position advertised to the public.

To state a prima facie claim of retaliation, the Plaintiff must show that: (1) she participated in a protected activity; (2) Plaintiff suffered an adverse employment action by JPS; and (3) there is a causal connection between the protected activity and the adverse employment action. Finne v. Lee County, Miss., 2012 WL 124587 at *26 (N.D. Miss.); Alack v. Beau Rivage Resorts, Inc. 286 F. Supp. 2d 771, 773 (S.D. Miss. 2003); McQueen v. City of Columbus, 2007 WL 624362 (N.D. Miss. 2007). "The ultimate determination is but for the protected conduct, the employer would not have engaged in the adverse employment action." E.E.O.C. v. Wal-mart Stores, Inc. 154 F. 3d 417, 12 (5th Cir. 1998) (citing Douglas v. DynMcDermott Petroleum Operations Co., 144 F.3d 364, 372 (5th Cir.1998)).

The Defendant does not dispute that Plaintiff engaged in a statutorily protected activity. On October 3, 2011 and June 15, 2012, the Plaintiff filed EEOC Charges of retaliation against JPS pursuant to Title VII of the Civil Rights Act of 1964. Both Charges were dismissed.

However, filing an EEOC Charge is a statutorily protected activity. DeHart v. Baker Hughes Oilfield Operations, Inc. 214 Fed. Appx. 437, 442 (5th Cir. 2007).

Nonetheless, Plaintiff fails to establish a prima facie claim of retaliation. Plaintiff must also demonstrate that she was subjected to an adverse employment action. The United States Supreme Court has defined adverse employment action as an action that might "dissuade a reasonable worker from making or supporting a charge of discrimination." Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). Courts have held that adverse employment actions include only "ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." Harper v. City of Jackson Municipal School District, 414 F. Supp. 2d 595, 602 (S.D. Miss. 2005); Davis v. Mississippi Transp. Com'n, 618 F. Supp. 2d 559, 562 (S.D. Miss. 2009); Watkins v. Paulsen, 332 Fed. Appx. 958, 960 (5th Cir. 2009).

Although Plaintiff states that JPS failed to hire or rehire her as a counselor, there is no ultimate employment decision in Plaintiff's case. On January 5, 2012, Plaintiff received a generic email from Cerissa Neal, Director of Teacher Recruitment at JPS, regarding her teacher certification endorsement in counseling. It was and still is the current practice of JPS to create a search for potential applicants who indicate that they hold the required endorsement for a position listed as vacant. The applicant pool is scanned for endorsements only. All potential applicants who indicate that they have the credentials required for a vacant position are sent a generic email notifying applicants of the vacant position and are provided contact information stating the name of the school and principal or designee to contact regarding the vacant position. Potential applicants are also informed that they must apply for the vacant position by linking their general JPS employment application with the specific vacancy.

In retaliation claims for failure to hire or rehire, a Plaintiff who has unsuccessfully applied for a position has suffered an adverse employment action. Wal-mart, 154 F. 3d at 12. Plaintiff failed to contact the principal or designee concerning the position prior to the position being filled and failed to apply for the position, which was advertised through the JPS website from January 13-25, 2012. As such, the Plaintiff in the instant case has suffered no adverse employment action as the Plaintiff failed to apply for the position of counselor, as required by JPS.

Furthermore, the Plaintiff has suffered no adverse employment action because the Defendant made no ultimate employment decision regarding the Plaintiff and a position for guidance counselor at a JPS high school. "To prove a retaliation claim, the employee must show that the employer took an adverse employment action against her in the form of an ultimate employment decision." McClarney v. Barram, 181 F. 3d 97, 2 (5th Cir. 1998). The Defendant was not in a position to make an ultimate employment decision regarding the Plaintiff and a position for counselor at a JPS high school, because the Plaintiff never applied for the position. In her Complaint, the Plaintiff states that she expressed an interest in the position via email; however, the Plaintiff never states that she applied for the position. Furthermore, the Plaintiff contacted the administration of the JPS high school regarding the position after it was advertised and filled.

It is also worth noting that JPS contacted Plaintiff regarding the vacant counselor's position. JPS informed Plaintiff of the proper procedure to apply for the vacant position. Plaintiff failed to follow procedure. Yet, it is now Plaintiff's contention that the Defendant did not hire or rehire her for a position that the Defendant advised her of because of a previously filed EEOC Charge. The Fifth Circuit has held that "protection against retaliation does not permit EEOC

complainants to disregard work rules or job requirements." Raggs v. Mississippi Power & Light Co., 278 F. 3d 463, 471-472 (5th Cir. 2002) (citing Swanson v. General Servs. Admin., 110 F.3d 1180, 1188 n. 3 (5th Cir.1997)). All applicants for vacant positions within JPS must apply for the vacant position by linking their general JPS employment application with the specific vacancy. Plaintiff failed to follow the required JPS procedure in applying for a vacant position. Therefore, the Plaintiff was not subjected to an adverse employment action. Plaintiff has failed to establish an adverse employment action and has not met her burden in establishing a prima facie case of retaliation.

To establish the third prong of a prima facie case of retaliation, Plaintiff must prove a causal link between Plaintiff's protected activity of filing an EEOC Charge and the adverse employment action. Carpenter v. Mississippi Valley State University, 807 F. Supp. 2d 570, 593 (N.D. 2011). However, the Defendant took no adverse employment action against the Plaintiff; therefore, a discussion of prong three of a prima facie case of retaliation is unwarranted. Nevertheless, Plaintiff has failed to show a causal link between Plaintiff's EEOC Charge and Defendant's failure to hire Plaintiff as a counselor at a JPS high school. "Fifth Circuit precedent requires evidence of knowledge of the protected activity on the part of the decision maker and temporal proximity between the protected activity and the adverse employment action." Thompson v. Somervell County, Texas, 431 Fed. Appx. 338, 342 (5th Cir. 2011) (citing Ramirez v. Gonzales, 225 Fed. Appx. 203, 210 (5th Cir. 2007). Plaintiff has presented no such evidence. Additionally, "a plaintiff who relies on nothing more than her subjective belief that she was the victim of retaliation cannot establish a prima facie causal link." Clark v. Chickasaw County, Mississippi, 2010 WL 3724301 at *4 (N.D. Miss.). The Plaintiff in the instant case has presented no evidence of retaliation or a causal link between her protected activity and her alleged adverse

employment action. Again, Plaintiff was not hired for the position because Plaintiff did not apply for the position. The Plaintiff's previously filed EEOC Charges are unrelated to decision to hire for the JPS position that is the subject of this suit. Therefore, there was no ultimate employment decision and no adverse employment action. As such, Plaintiff fails to establish a prima facie case of retaliation and Plaintiffs claim should be dismissed.

In spite of this, even if the Defendant took an adverse employment action against the Plaintiff, Defendant has met its burden of producing a legitimate, non-discriminatory reason for not hiring Plaintiff for the position of counselor at a JPS high school. "Defendant bears the burden of producing a legitimate, non-discriminatory reason" for an adverse employment action. Morris v. Jefferson Parish Sheriff's Office, 45 Fed. Appx. 322, 2002 WL 1868104 at *6 (5th Cir. 2002). As previously stated, Plaintiff failed to apply for the position of counselor at a JPS high school. Because Plaintiff failed to follow the required JPS procedure in applying for vacant positions, "any inference of discrimination drops away." Id. Accordingly, Plaintiff has failed to prove a prima facie case of retaliation.

WHEREFORE, the Defendant respectfully requests that the Court grant their Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) or Alternatively, for Summary Judgment.

This the 18th day of January, 2013.

**Respectfully submitted,**
**Jackson Public Schools Board of Trustees**

**By: /s/ KaShonda L. Day**
**JoAnne N. Shepherd, MSB# 8598**
**KaShonda L. Day, MSB# 103144**

**OF COUNSEL:**

**JOANNE N. SHEPHERD, ESQ.**
**KASHONDA L. DAY, ESQ.**
**JACKSON PUBLIC SCHOOL DISTRICT**
**P. O. BOX 2338**
**JACKSON, MS 39225-2338**
**TEL: (601) 960-8916**
**FAX: (601) 973-8545**
jnelson@jackson.k12.ms.us
kaday@jackson.k12.ms.us

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, do hereby certify that I have this day caused to be served a true and correct copy of the foregoing *Memorandum of Law in Support of Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) or Alternatively, for Summary Judgment* via U.S. Mail postage prepaid to the following counsel of record:

Vicki L. Chaney Gooden
3071 Suncrest Drive
Jackson, MS 39212

This the 18th day of January 2013.

**/s/ KaShonda L. Day**
**JoAnne N. Shepherd, Esq.**
**KaShonda L. Day, Esq.**