**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

VICKI L. CHANEY GOODEN                                                    **PLAINTIFF**

v.                                                    **CAUSE NO. 3:12-CV-798-CWR-FKB**

JACKSON PUBLIC SCHOOLS                                                    **DEFENDANT**

<u>**AMENDED ORDER**</u>

The Court's April 11, 2013, Order is hereby withdrawn, and the following is substituted in its place:

Before the Court is the defendant's motion to dismiss or, in the alternative, motion for summary judgment. Docket No. 7. The plaintiff has not responded.[1] After considering the allegations, arguments, and applicable law, the motion will be denied.

**I.      Background**

On November 27, 2012, Vicki Gooden filed this complaint in this Court against the Jackson Public Schools (JPS). Docket No. 1. She alleged that JPS "failed to hire or rehire Plaintiff due to Reta[li]ation of plaintiff filing a grievance with the district and a complaint with the EEOC." *Id.* at 1. Gooden's statement of facts recited the following:

> The defendants contacted plaintiff about a counselor position at a high school via email. Plaintiff responded as requested in email by stating interests but would continue prior efforts. The defendants hired someone else months later. The position did not post to the system or to the public. The previous employee died suddenly and the position was offered.

*Id.* at 2. Gooden sought $400,000 in damages. *Id.* A right to sue letter from the EEOC was attached to her complaint. Docket No. 1-1.

**II.      Arguments**

JPS asserts that Gooden was an academic tutor from March 2003 until June 2011. Docket No. 7, at 1. In April 2011, her contract of employment was allegedly non-renewed. Docket No. 9,

---

[1]  In the Court's original Order on this motion, it considered the plaintiff's document filed at Docket No. 10 to be a response brief. After that Order was issued, counsel for JPS called the Clerk of Court to point out that Docket No. 10 was misfiled, as it should have been filed in Gooden's *other* case against JPS. As a result, there no longer is a response brief on file to JPS's motion.

at 1. Gooden filed a Charge of Discrimination with the EEOC in October 2011, then filed a wrongful termination suit in this Court in April 2012. *Id.* at 2 (referencing Cause No. 3:12-CV-221[2]). In June 2012, she filed a second Charge of Discrimination with the EEOC. *Id.* That is the Charge at the heart of this, her second lawsuit.

After reciting those facts, JPS argues that Gooden has not stated a retaliation claim because although she was non-renewed as an academic tutor, she never actually applied for re-employment as a high school counselor, which is the factual basis for this suit. *Id.* at 4-5. Her email response expressing interest in being a counselor was not enough, it says. *Id.* at 5. Then, in a summary judgment-type argument, JPS claims there is no evidence of causal link between Gooden's EEOC Charge and its failure to hire her as a counselor. *Id.* at 6.

## III.   Legal Standards

### A.   Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of actions that fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but need not have "detailed factual allegations." *Id.* (quotation marks and citation omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (citation omitted).

Since *Iqbal*, the Fifth Circuit has clarified that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011).

### B.   Summary Judgment Standard

---

[2] JPS has now moved to dismiss that suit for lack of federal question jurisdiction.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quotations marks, citations, and emphasis omitted). The Court views the evidence and draws reasonable inferences in the light most favorable to the non-movant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011).

**IV.    Discussion**

"A plaintiff establishes a prima facie case for unlawful retaliation by proving (1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action." *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (citation omitted). It is undisputed that Gooden engaged in protected activity. JPS takes issue only with the second and third prongs of the retaliation analysis.

Accepting Gooden's factual allegations as true and making reasonable inferences in her favor, as the Court must at this stage, and "giving every benefit of the doubt to Plaintiff since she is proceeding *pro se*," *Alfsen v. Beau Rivage Resorts, Inc.*, No. 1:07-CV-1105, 2009 WL 259622, at *3 (S.D. Miss. Feb. 3, 2009), Gooden's complaint sufficiently stakes out a plausible retaliation claim. *See also Bohanna v. Tunica Cnty.*, No. 2:08-CV-164, 2009 WL 5818652, at *2 (N.D. Miss. Feb. 19, 2010). Her complaint states that JPS failed to hire her for a new position after she filed an internal grievance and an EEOC Charge of Discrimination, even though she wrote JPS to express interest in the position. Although JPS claims that Gooden did not actually apply for the position, Gooden's complaint alleges that JPS did not post the position description to the public, which reasonably suggests that Gooden was not able to formally apply for the position.  JPS's mere assertion that the position description *was* posted on its website is not appropriate for consideration under the applicable standard of review.

JPS's motion for summary judgment will be denied for two reasons. First, it is premature to require the plaintiff to produce summary judgment evidence at this juncture. She has not had the

3

opportunity to engage in discovery. Second, JPS has not met the initial burden required for summary judgment. *See Little*, 37 F.3d at 1075. Assertions do not "demonstrate the absence of a genuine issue of material fact." *Id.* For example, there is no competent evidence about Gooden's prior position with JPS, her non-renewal, the email correspondence between JPS and Gooden, whether Gooden actually applied for a new position, and whether the position posted to the public; everything at this point is argument of counsel. That is not sufficient to merit summary judgment.

## V.  Conclusion

The motion to dismiss or, in the alternative, motion for summary judgment is denied.

**SO ORDERED**, this the 19th day of April, 2013.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

4