**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**VICKI L. CHANEY GOODEN**                                                                 **PLAINTIFF**

**VS.**                                                                 **CAUSE NO. 3:12cv798-LG-JMR**

**JACKSON PUBLIC SCHOOLS
BOARD OF TRUSTEES**                                                                 **DEFENDANT**

**EMERGENCY MOTION TO QUASH
OR IN THE ALTERNATIVE MODIFY
THE SUBPOENA TO APPEAR AND TESTIFY AT TRIAL**

*Request for a Telephonic Hearing and Expedited Ruling on Matter - May 20th Trial Date*

COMES NOW the Mississippi Department of Education, (hereinafter "MDE"), by and through its counsel, moves the Court to quash the *Subpoena to Appear and Testify at Trial* (Dkt. No. 40) served on its employee, Cerissa Neal, or in the alternative Modify the *Subpoena to Appear and Testify at Trial*. In support of the Motion, MDE would show the Court the following:

**<u>Facts</u>**

1       On Friday, May 12, 2014, Defendant served on Cerissa Neal (hereinafter "Neal"), Bureau Manager, MDE Office of Educator Quality, a subpoena requiring her to appear in court six business days later at the trial of this matter scheduled for May 20, 2014 through May 23, 2014. A true and correct copy of the subpoena is attached hereto as Exhibit "1."

2       Neal is not a party to this litigation.

3       Neal is willing but unavailable to testify at a hearing on this matter the week of May 19, 2014. Neal is currently scheduled to attend the Council for the Accreditation of Educator Preparation (CEAP) Clinic Conferences to become the trained national accreditation specialist for Mississippi and MDE. The Conferences are scheduled from May 20, 2014 through May 23, 2014. *See* Neal's Affidavit which is attached as Exhibit "2," ¶ 8.

4       Neal is attending required conferences of CEAP.  CEAP is the entity that certifies state representatives as trained national accreditation specialist for institutes of higher learning. There is no other person in Neal's office who can attend these conferences as all of her management positions are currently vacant. *See* Neal's Affidavit which is attached as Exhibit "2,"¶ 7.

5       This is the only time this year that the training and certification are offered and there are no make-up sessions provided. MDE is required to implement new state protocols for the new national accreditation standards for Mississippi's institutes of higher learning and this training on these new standards occurs at these conferences. *See* Neal's Affidavit which is attached as Exhibit "2," ¶ 6 & 7.

6       The failure of Neal to attend the conferences effects MDE and Mississippi's Institutes of Higher Learning. This is not a mere continuing education conference, but a required conference for certification. MDE must have a trained national accreditation specialist.  The failure of MDE to have a trained national accreditation specialist could negatively impact the accreditation statuses of Mississippi's institutes of higher learning. *See* Neal's Affidavit which is attached as Exhibit "2," ¶ 15.

7       On April 9, 2014, Defendant's Counsel advised Neal that the trial of this matter could be scheduled anytime between May 5, 2014 and May 30, 2014. On April 17, 2014, during a meeting, Neal advised Defendant's Counsel that she travels frequently for her job and would need to know as soon as possible when the actual trial dates are set. *See* Neal's Affidavit which is attached as Exhibit "2," ¶ 10, exhibit "D."

8       On May 5, 2014, Neal's flight was booked by Avanti Travel Inc. for Monday, May 19, 2014 at 8:25 a.m. and to return Friday, May 23 at 10:15 a.m. *See* Neal's Affidavit which is Exhibit "2," ¶ 9, exhibit "C."  The airline will charge Neal and/or MDE a fee to change her flight.

9       This Court set this matter for trial on April 24, 2014 and issued its Pre-trial Order on May 5, 2014 (Dkt. No. 37).

10      On May 8, 2014, Defendant's Counsel provided Neal the actual trial dates of May 20, 2014 through May 23, 2014.

11      When she realized the conflict, Neal immediately contacted Defendant's Counsel to inform her that she could not participate in the upcoming trial.  *See* Neal's Affidavit which is attached as Exhibit "2," ¶ 10, exhibit "D."

12      Neal has offered to be available via deposition testimony, telephonic testimony or other means which allows her to attend the conferences and still provide testimony in this matter. *See* Neal's Affidavit which is attached as Exhibit "2," ¶ 12.  In today's technologically advanced world, Skype may even be an alternative to securing Neal's testimony without requiring her physical presence in the courtroom or continuing the trial.

13      MDE has offered to make Neal available Friday, May 16, 2014 or Monday, May 19, 2014 for a deposition in this matter. This Court can allow her testimony via deposition, telephonically, Skype or other means which allows Neal to attend the conferences and testify in this matter.

14      Additionally, this Court can continue this trial if Neal's testimony is absolutely necessary to Defendant's case.  Neal's conferences cannot be continued and there is no other person who can attend the required conferences in her place.

15      This matter is a jury trial.  Jury selection is an inexact art and no one can anticipate when the actual testimony portion of the trial will begin.  Therefore, no one can guarantee Neal her presence will only be needed on May 20, 2014 leaving her free the remainder of the week to attend the conferences.

3

16      While Defendant's counsel believes that Neal's testimony is necessary, there are other employees within the Jackson Public School District (hereinafter "JPS") who can testify regarding the procedures for hiring, the application process and Ms. Gooden's alleged retaliation claims. *See* Neal's May 12, 2014, e-mail to Dr. Cedrick Gray, Superintendent which is attached as Exhibit "3".

<u>**Argument**</u>

17      Fed. R. Civ. P. 45(d)(3) provides in pertinent part:

> On timely motion, the issuing court must quash or modify a subpoena
> that; (i) fails to allow a reasonable time to comply;…; or (iv) subjects
> a person to undue burden.

18      Although the rule does not specify what amount of time shall be deemed "reasonable," courts have ruled that allowing less than a single work week for compliance is insufficient and at least ten business days' notice is expected.  *See Memorial Hospice, Inc. v. Norris*, 2008 WL 4844758 *1(N.D. Miss 2008) (unpublished) (holding eight days' notice not reasonable); *see also United States v. Woods*, 931 F. Supp. 433, 442 n. 3 (E.D. Va. 1996) (obtaining subpoenas seven days before the hearing did not allow a reasonable enough time to comply); *In re: Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) (six days' notice not reasonable, citing William W. Schwarzer, *et al.*, California practice guide, federal civil procedure before trial, ¶ 11:360 (The Rutter Group 1998): "What is 'reasonable' depends on the circumstances of the case, but at least 10 days' notice is customarily expected").

19      This Court set this matter for trial on April 24, 2014 and issued its Pre-trial Order on May 5, 2014 (Dkt. 37).  However, Defendant's Counsel waited until May 8, 2014 to advise Neal of the actual trial dates. Had Defendant's Counsel advised Neal sooner, then perhaps the parties could have sought a continuance of the hearing, scheduled her deposition or developed another plan to provide her testimony negating the need for the Trial Subpoena.

4

20      This Court should quash the subpoena which was served six business days before Neal is required to appear.  Even with the intervening weekends, it does not provide timely notice and, consequently, it is unduly burdensome under Fed. R. Civ. P. 45(3)(A)(i) and (iv). Given that Neal has a required conference trip scheduled in Kansas City, Missouri leaving on May 19, 2014, six business days' notice to appear at trial is insufficient time to reschedule without incurring monetary loss to MDE and other potential significant consequences impacting MDE and Mississippi's institutes of higher learning.  Accordingly, for these reasons, this Court should quash the subpoena.

21      An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party. *The Travelers Indemnity Company v. Metropolitan Life Insurance Co.*, 228 F.R.D. 111 (D.Conn. 2005). *See also Diamond State Ins. Co. v. Rebel Oil Co., Inc.,* 157 F.R.D. 691, 696 (D. Nev. 1994)(the court has broad discretion in determining whether discovery is burdensome and oppressive and will quash or modify a subpoena which subjects a person to undue burden.)(citing *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir.1988).

22      Where information sought by discovery is relevant but places an undue burden on the producing party, discovery will be denied. *Allen v. Homedica* Leibinger, 190 F.R.D. 518, 525(W.D. Tenn. 1999).

23      Neal insists that there are other persons at JPS who can provide the same testimony that she has to offer making her testimony duplicative.

24      Additionally, the Subpoena subjects not only Neal, but MDE and the Mississippi Institutes of Higher Learning to an undue burden.  Neal's attendance at the conferences impacts other entities. The failure of Mississippi to have a trained national accreditation specialist could negatively impact the accreditation statuses of Mississippi's institutes of higher learning.

5

25      The conferences cannot be rescheduled nor is there an opportunity for a make-up session or to attend at another time. However, this is not the only week that this trial may be conducted.  This Court can continue this trial or allow Neal to appear via deposition, telephonically, Skype or other means which allows her to attend the conference and testify in this matter.

26      Therefore, the burden is greater on Neal than the Defendant and the Court should Quash the trial subpoena.

27      In the alternative, MDE requests that this Court Modify its Subpoena and allow Neal to appear via deposition, telephonically, Skype or other media or continue the trial to another date allowing her to appear in person at that time.  Fed. R. Civ. P. 43(a) provides in pertinent part:

>       For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

28      As a non-party in this action, MDE also requests a waiver of L.U. Civ. R. 45(e), which requires compliance of the discovery rules, including the discovery rule requiring filing of a Good Faith Certificate. Because of the untimeliness of the subpoena and the quickly approaching trial date, court intervention is necessary as counsel did not have time to get the Good Faith Certificate executed prior to filing the Motion.

29      However, MDE Counsel and Defendant's Counsel have conferred to attempt to resolve the need of Neal's attendance at a trial of this matter the week of May 19, 2014.  However, the parties were unable to come to resolution of the issues. This Motion is opposed by Defendant's Counsel.

**WHEREFORE, PREMISES CONSIDERED**, Mississippi Department of Education respectfully requests that this Court:

a.      GRANT its *Motion to Quash Cerissa Neal's Subpoena to Appear and Testify at Trial;*

b.      In the alternative, MDE requests that this Court continue the trial of this matter to another week to allow Neal to complete her conferences;  or

c.      In the alternative, Modify the *Subpoena to Appear and Testify at Trial* and allow Neal to appear via deposition, telephonically, Skype or other means which allows her to attend the conference and still give testimony in this matter.

Respectfully submitted, this the 15th day of May, 2014.

> **MISSISSIPPI DEPARTMENT OF EDUCATION, nonparty**
>
> **BY:   JIM HOOD, ATTORNEY GENERAL STATE OF MISSISSIPPI**
>
> **BY:   */s/ Heather S. Deaton*
>        HEATHER S. DEATON (MSB # 100417)
>        SPECIAL ASSISTANT ATTORNEYS GENERAL**

**OF COUNSEL:**

Kathy S. Boteler, MSB No. 8652
Heather S. Deaton, MSB No. 100417
Office of the Attorney General
Counsel to the Mississippi Department of Education
Post Office Box 771
Jackson, MS   39205
Telephone No. (601)359-1830
Facsimile No. (601) 359-2198

## <u>CERTIFICATE OF SERVICE</u>

I, Heather S. Deaton, attorney for the Mississippi Department of Education, do hereby certify that I have this date electronically filed the above and foregoing pleading with the Clerk of the Court to all counsel of record registered with the ECF system.

**THIS** the 15th day of May, 2014.

*/s/ Heather S. Deaton*
Heather S. Deaton
